CARROLL, Judge.
The appellants were injured in a rear end automobile collision of considerable severity. Their separate actions, against the owner and the driver of the automobile which struck their car from the rear, were consolidated and tried before a jury. Verdicts were directed for the plaintiffs on liability.[1] The jury awarded $3,000 damages to Frank Scott and $2,000 to Florence Scott. The plaintiffs filed separate appeals from the judgments entered on the verdicts, and the appeals were briefed and argued together. Appellants contend here that the verdicts were inadequate, having assigned as error the refusal of the trial court to grant a new trial on that ground.
The only evidence submitted was that produced by the plaintiffs. Mrs. Scott showed medical expense of $1,716. Mr. Scott showed medical expense and car damage amounting to $3,100. It is apparent from the record that the jury failed to give effect to other established elements of damage, and was swayed by bias and prejudice.[2]
Both plaintiffs received substantial injuries. As argued by their counsel, without considering any testimony of the plaintiffs of subjective complaints or as to which their credibility was questioned, the testimony of the doctors, including the court-appointed physician, together with the documentary evidence, sufficiently established, as compensable elements of damage, their injuries, pain and suffering, some permanent partial disability and loss of earnings, in addition to their out-of-pocket expense. There was no question of whether those elements of damage were attributable to other prior injuries. Nor was the medical evidence here based solely or principally on subjective complaints.
It is only with reluctance that an appellate court will reverse a trial court on a ruling involving the exercise of discretion on refusal to grant a new trial. However, when it is made to appear that a verdict is grossly inadequate, as a result of some prejudice or passion on the part of the jury, or some misconception of the law or evidence, or that the jury did not consider all the elements of damage involved, or failed to discharge their duty as given them by the court’s charge, such a verdict should be set aside with provision made for a new trial. Breitbart v. State Road Department of Florida, Fla.App.19S9, 116 So.2d 458, 460; Wise v. Jacksonville Gas Corp., Fla.App.1957, 97 So.2d 704, 706; Allen v. Powell, 152 Fla. 443, 12 So.2d 378; Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376; Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; De Vane v. Bauman, 82 Fla. 346, 90 So. 192.
For the .reasons stated we are of the opinion that the ends of justice will best be served by granting a new trial on damages in these two cases.
Reversed and remanded for new trial on damages.

. The plaintiffs were blameless in the accident. The defendant driver, who overtook and ran into plaintiffs’ car, admitted he was in need of sleep and was “nodding” at the time.

. The jury well may have become disenchanted with these plaintiffs. On certain matters which had no material bearing on the merits of their eases, such as their marital status, their testimony was conflicting and unreliable.