143 So.2d 547 (1962)
John L. FREEMAN, Appellant,
v.
Ivan A. BANDLOW and Mabelle E. Bandlow, His Wife, Appellees.
No. 2857.
District Court of Appeal of Florida. Second District.
July 13, 1962.
Rehearing Denied July 30, 1962.
*548 Charles A. Nugent, Jr., of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
H. Laurence Cooper, of O'Connell & Cooper, and Sherrill & Blanton, West Palm Beach, for appellees.
PER CURIAM.
John L. Freeman, plaintiff below in a negligence action, appeals an order denying him a new trial which he sought on the ground that the damages awarded him were inadequate and obviously induced by the jury's misconception of the law and the evidence. The jury's verdict was for $280.00, the exact amount of a doctor's bill.
The plaintiff was a thirty-seven year old part-time chef and handyman who divided his time between New Jersey and Florida. He was sitting in the back seat of a bus on a thoroughfare in Palm Beach County, Florida, when the bus was struck from the rear by an automobile belonging to the defendants and driven by the defendant Ivan A. Bandlow. The record indicates that the occupants of the bus, which had come to a complete or near stop at the time of impact, numbered about twenty-five of whom two or three complained of injury.
The plaintiff alleged that he was severely injured in the area of the neck and back, suffered great physical and mental pain which will continue in the future, and sustained temporary and permanent diminution of income and earning capacity. There was little doubt as to defendant's negligence, but the record reflects considerable doubt as to the cause, nature and extent of plaintiff's pathological condition during the two year interim between the collision and the trial of the case early in 1961.
Immediate X-ray readings of five standard views of plaintiff's cervical spine showed no fracture or abnormality according to the testimony of plaintiff's witness Dr. James R. Brandon, an orthopedic surgeon who saw and examined the plaintiff on the day of the accident. This witness testified that the plaintiff was apprehensive, tense, evincing some neck and chest tenderness and limited rotation of the head, although "when his attention was distracted he would rotate his head through a wider range to the right and to the left." The objective symptoms, according to Dr. Brandon, appeared to be of a minor character. The plaintiff's shoulders showed no limitation of motion and the extremities did not show any sensory disorder or impairment of reflexes; nor did the lateral and front X-ray pictures of the neck and top portion of the cervical spine show anything unusual. Later X-rays showed no abnormality of the boney structures. Dr. Brandon's diagnostic impression was that the plaintiff had an apparently moderate to mild muscle injury to the posterior cervical region. The doctor prescribed heat therapy, pain relieving medication and temporary use of a plastic collar.
Dr. Brandon summed up his testimony by reaffirming his initial evaluation that the plaintiff had a slight muscle injury in the region of his neck and that later observations indicated that the "psychological or psychiatric aspect of plaintiff's problem was a much more prominent feature;" that the *549 plaintiff deliberately or unconsciously "affected exaggerated postures and gestures" and gave a continually changing picture of complaint. The doctor concluded that at the time he last saw the plaintiff in March 1959, the emotional problem was the principal issue and the organic injury of no importance. Dr. Brandon accordingly referred the plaintiff to Dr. William H. Everts, a specialist in psychiatry.
Dr. Everts examined the plaintiff on March 11, 1959, and the import of his testimony was basically the same as that of Dr. David E. Taubel who examined the plaintiff on December 21, 1960. The physical and neurological examinations showed nothing that could be defined as an abnormality or organic disturbance in bones, muscles or nerves or associated reflexes. Both of these physicians in effect diagnosed the plaintiff's condition as a largely assimulative disorder variably termed camptocormia and conversion hysteria. This was described as a neurotic illness in which the subject mimics symptoms or reacts as he believes his body would react if hurt in a particular way. This can be purposeful or subconscious.
Dr. Taubel indicated that the plaintiff's difficulty was a mixture of conversion hysteria and malingering, i.e., partly hysteria and partly plaintiff's attempt to exaggerate his condition. Dr. Taubel noted that a predisposition to conversion hysteria may be "triggered" by an emotional episode in the experience of a person of limited educational background such as the plaintiff. Physical symptoms and signs of illness develop which "mimic actual known physical diseases * * * but they are not actual physical diseases." Thus there was substantial expert opinion testimony tending to show that plaintiff's injuries were grossly exaggerated and that he was largely a malingerer and was not, in fact, appreciably disabled as a result of his mishap.
The proper scope of appellate review of an order denying a new trial has been often reiterated. A motion for a new trial is directed to the sound discretion of the trial judge and his ruling will not be disturbed unless that discretion is clearly shown to have been abused. An appellate court is reluctant to reverse a trial court on a ruling involving the exercise of discretion in refusing to grant a new trial. Scott v. Andrews, Fla.App. 1962, 140 So.2d 128; Kraus v. Osteen, Fla.App. 1961, 135 So.2d 885.
Contrary inferences of fact could have been drawn in the instant case; but we cannot say with requisite assurance that the jury clearly labored under misconception of the law and the evidence or failed to consider the extent of plaintiff's actual injury and the elements of damages involved. The evidence might have supported a larger verdict including inter alia additional items of expense for medication and treatment, but the jury did not see fit to do so; and there was substantial competent evidence to support findings that such additional expenses were not reasonably necessary in view of the pathological condition of the plaintiff following the accident.
The failure of the record to demonstrate an abuse of discretion on the part of the trial judge in denying plaintiff's motion for a new trial necessitates an affirmance. See and compare Florida East Coast Railway v. Stewart, Fla.App. 1962, 140 So.2d 880, 882; Morin v. Halpern, Fla.App. 1962, 139 So.2d 495; Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759; Chomont v. Ward, Fla. 1958, 103 So.2d 635; also Mosley v. Dati, 1961, 363 Mich. 690, 110 N.W.2d 637.
Affirmed.
SHANNON, C.J., WHITE, J., and SAMPLE, WALLACE, Associate Judge, concur.