PEARSON, TILLMAN, Chief Judge.
The plaintiff appeals from a final judgment which was entered pursuant to a jury verdict whereby he was, awarded $441. The amount of the award is the exact amount of the doctor bills of the plaintiff for treatment of the injury which was the subject matter of the suit. The appellant urges that the trial court should have granted his motion for a new trial on the issue of damages in that the jury awarded damages for the plaintiff’s expense of treating his pain and suffering, but made no award for the pain and suffering. We agree and reverse.
The appellate courts of this state have shown a great reluctance to interfere with jury verdicts. Nevertheless, the general rule which appears to be controlling in Florida was announced by the Supreme Court in Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, 377:
“It has been held that under the old common law rule, a motion for a new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in one case as the other. Such verdicts will *63 not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court’s charge. 20 R.C.L. 283.”
Accord, Allen v. Powell, 152 Fla. 443, 12 So.2d 378; Scott v. Andrews, Fla.App.1962, 140 So.2d 128. The question thus arises whether under the facts of this case the record demonstrates that the jury did not consider all of the elements of damage involved.
The appellant maintains that since the verdict of the jury was in the exact amount of the medical bills, it was established that the jury found the medical expenses to .be recoverable. From this proposition, it is then argued that the medical bills were incurred for pain and suffering because a good portion of the doctors’ treatment was for its relief, yet the jury made no award for this element of damage.
This precise situation was considered recently by the Supreme Court of Michigan in Mosely v. Doti, 363 Mich. 690, 110 N.W.2d 637 (1961). In the Mosely case the Supreme Court of Michigan reversed a verdict in the exact amount of the medical bills where part of the medical treatment consisted of the alleviation of pain. The court held that the jury having found there was pain and suffering and having awarded damages to compensate the plaintiff for the medical cost of relieving such pain, the jury could fail to award plaintiff damages for the pain already endured only by arbitrary, capricious disregard of the trial judge’s explicit instructions to the jury.
The Mosely case was cited in a Florida decision of the District Court of Appeal, Second District. Freeman v. Bandlow, Fla.App.1962, 143 So.2d 547. On slightly different facts, the Second District has reached a decision contrary to that which we here render. Upon the facts before us, and without attempting to distinguish these cases, we must decline to follow the decisioh in the Freeman case. Upon the record before us, it cannot be said that the plaintiff could be entitled to recover for his medical expenses in their entirety and not have experienced any of the pain for which he was treated.
A review of the testimony before the jury in the instant case reveals some conflict between the two doctors who testified for the plaintiff. The first of these doctors found physical indicia of injury, including indication of a herniated intervertebral disc. In a subsequent examination, the other doctor found muscular soreness, but he found no evidence of a herniated disc. Each doctor found some physical evidence to support a history of pain.
Under this state of the record, we are faced with measuring the extent to which a trial judge ought to go in analyzing the probable thought processes of jury members in order to determine whether they have disregarded an element of damage. Can it reasonably be said that the verdict for the exact amount of all the medical bills also included a consideration of the element of pain and suffering? We think not. We must decide cases upon the basis of observed human experience, and even the mythical “reasonable man” would have to conclude that the jury decided to give the plaintiff only the amount of his doctors’ bills.
Such a verdict cannot stand because it demonstrates a complete disregard of the trial judge’s instruction on the law.
We therefore conclude that the trial judge abused the wide discretion which he undoubtedly has in ruling upon motions for new trial, and the judgment is reversed with directions to grant plaintiff’s motion for a new trial upon the issue of damages.
Reversed.