157 So.2d 855 (1963)
C.W. HATCHELL AND HELEN HATCHELL, HIS WIFE, APPELLANTS,
v.
JOHN HAYES, JR., AND WILLIE MAE HAYES, HIS WIFE, APPELLEES.
No. E-221.
District Court of Appeal of Florida, First District.
November 14, 1963.
Rehearing Denied December 17, 1963.
*856 John Paul Howard, Jacksonville, for appellants.
Botts, Mahoney, Hadlow, Chambers & Adams, Jacksonville, for appellees.
CARROLL, DONALD K., Judge.
The plaintiffs in an automobile collision case have appealed from a final judgment entered by the Circuit Court for Duval County based upon a jury verdict.
The sole question before us is whether a new trial should be ordered on the issue of damages because the amounts awarded by the jury apparently failed to include any sum for the pain and suffering experienced by the plaintiffs as a result of the collision in question.
The plaintiffs, Mr. and Mrs. Hatchell, filed this action for damages against the defendants, Mr. and Mrs. Hayes, alleging in their complaint that Mr. Hatchell was the owner and operator of a motor vehicle which was stopped for traffic at the intersection of an expressway and a street in the city of Jacksonville, his wife being one of the passengers in his car; that an automobile owned by Mr. Hayes and operated by his wife was negligently driven into the rear end of the Hatchell vehicle, causing permanent injuries to each plaintiff's head, body, and limbs, with whiplash injuries to the neck and back; that Mr. Hatchell has suffered severe pain and will so continue to suffer in the future, has been prevented from earning a livelihood in his usual occupation, and his vehicle was substantially damaged. The plaintiffs also allege that Mrs. Hatchell has suffered and will continue to suffer severe pain, as well as being prevented from performing her usual household duties, with impairment of her earning capacity. They also allege that Mr. Hatchell has incurred medical expenses in an effort to cure his wife of the said injuries and will so incur in the future, and he has been deprived of his wife's services.
At the trial the plaintiffs presented evidence in support of the allegations of their complaint. There was no real contest as to the negligence of Mrs. Hayes in driving into the rear end of plaintiffs' vehicle, which was stopped for a red traffic light, proximately causing the said injuries to the plaintiffs, who were occupying the front seat of their car. At the conclusion of the trial the jury brought in a verdict awarding to Mr. Hatchell damages in the amount of $574.03 (the exact amount of his medical bills plus his loss of wages and damages to his vehicle), and awarding to Mrs. Hatchell $143.50 (the exact amount of her two doctors' bills).
Since the amounts awarded by the jury equal, to the penny, the precise amount of their "out-of-pocket" expenses, the plaintiffs-appellants contend that the jury necessarily awarded nothing to them for their pain and suffering, and hence must have disregarded the court's instructions. This *857 contention strikes us as sound both in logic and in justice.
Appellate courts, may not, of course, substitute their judgment for that of a jury as to findings of fact properly submitted to the jury for determination. However, our courts would be doing less than their solemn duty and function to administer justice under law, if they should turn their backs to what reasonable men know is a clear departure from the rules of law and justice. Nevertheless, it is with reluctance that we join the appellants in diagnosing the jury's verdict and reaching a conclusion as to the items of damages for which the jury allowed recovery.
At the trial the plaintiffs presented evidence of the following damages accruing to Mr. Hatchell and his vehicle: doctors' bills $185, drugs $13.15, loss of wages for four days at $32 per day, $128, estimated body damage to his vehicle, $162.47, and transmission repairs, $85.41. The total of these amounts is $574.03, which is the precise sum awarded by the jury to Mr. Hatchell.
Similarly, the bills of two doctors treating Mrs. Hatchell were for $110 and $33.50, totalling $143.50, which is the exact sum which the jury awarded her.
The plaintiffs not only alleged in their complaint that they suffered severe pain as a result of the collision and would so continue to suffer in the future, but they testified at the trial concerning their pain and suffering. The nature of their injuries caused by the rear-end collision would seem to make some pain and suffering almost a foregone conclusion. For instance, the uncontradicted evidence shows that the collision caused Mr. Hatchell's head to snap backward and then lash forward to the extent that it almost struck the dashboard. The medical expenses were incurred by the plaintiffs largely in an effort to alleviate their pain.
If the above analysis of the verdict is correct, the conclusion is inescapable that the jury awarded nothing to the plaintiffs for the severe pain which the uncontradicted proof showed they suffered as a result of the collision. Furthermore, the jury awarded an amount to reimburse the plaintiffs for medical treatments which they sought to alleviate their pain, but awarded nothing for that pain.
As we read the record, the trial was fairly conducted, and the court properly instructed the jury concerning the measurement of damages, including pain and anguish, past and future. While the evidence on this element of the damages was uncontradicted, the jury evidently included nothing for the pain or suffering of the plaintiffs or either of them, past or future.
The parties in their appellate briefs have confronted us with decisions of our two sister district courts of appeal apparently reaching opposite conclusions in situations comparable to that in the case before us. The appellants urge us to follow the decision of the Third District Court of Appeal in Smith v. City of Miami, 153 So.2d 62 (1963), and the appellee asks that we follow the Second District Court of Appeal's decision in Freeman v. Bandlow, 143 So.2d 547 (1962).
Accordingly, we have closely examined the opinions in those two cases. While opposite conclusions were indeed reached, the "ratio decidendi" of each case, in our judgment, is compatible one with the other.
In Smith v. City of Miami, 153 So.2d 62 (1963), the plaintiff appealed from a final judgment entered pursuant to a jury verdict whereby he was awarded $441  the exact amount of the plaintiff's doctors' bills for treatment of his injury. On appeal he argued that the trial court should have granted his motion for a new trial on the issue of damages in that the jury awarded damages for his expense of treating his pain and suffering but made no award for the pain and suffering. The Third District Court of Appeal agreed with this contention and reversed the judgment. That court quoted from the opinion of the Supreme *858 Court of Florida in Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, 377 (1941), that verdicts for grossly inadequate damages
"`* * * will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. 20 R.C.L. 283.'"
The Third District Court of Appeal then stated that the question thus arose whether under the facts of the case before it the record demonstrates that the jury did not consider all of the elements of damage involved.
The Third District Court of Appeal in its opinion in the Smith case cited the decision of the Second District Court of Appeal in Freeman v. Bandlow, 143 So.2d 547 (1962), and expressly declined to follow that decision, saying:
"* * * On slightly different facts, the Second District has reached a decision contrary to that which we here render. Upon the facts before us, and without attempting to distinguish these cases, we must decline to follow the decision in the Freeman case. Upon the record before us, it cannot be said that the plaintiff could be entitled to recover for his medical expenses in their entirety and not have experienced any of the pain for which he was treated."
Finally, the Third District Court of Appeal concluded that on the basis of human experience, the mythical "reasonable man" would have to conclude that the jury decided to give the plaintiff only the amount of his doctors' bills, so such a verdict could not stand because it demonstrated "a complete disregard of the trial judge's instruction on the law."
In Freeman v. Bandlow, 143 So.2d 547 (1963), the District Court of Appeal, Second District of Florida, reached a contrary conclusion and sustained a jury verdict. This was a negligence action in which the jury awarded to the plaintiff a verdict for $280, the exact amount of a doctor's bill. The court commented in its opinion that the record reflects "considerable doubt as to the cause, nature and extent of plaintiff's pathological condition" during the two-year period between the collision and the trial. The court also mentioned the fact that there was "substantial expert opinion testimony tending to show that plaintiff's injuries were grossly exaggerated and that he was largely a malingerer and was not, in fact, appreciably disabled as a result of his mishap." The court then invoked the following rules, which are established in Florida in cases of this kind:
"* * * A motion for a new trial is directed to the sound discretion of the trial judge and his ruling will not be disturbed unless that discretion is clearly shown to have been abused. An appellate court is reluctant to reverse a trial court on a ruling involving the exercise of discretion in refusing to grant a new trial."
In justification of the jury verdict the Second District Court of Appeal pointed out that there was substantial competent evidence to support findings that certain additional expenses were not reasonably necessary in view of the pathological condition of the plaintiff following the accident. The court then affirmed the order of the trial court denying the motion for a new trial filed by the plaintiff on the ground that the damages awarded him were inadequate and obviously induced by the jury's misconception of the law and the evidence.
We are impressed with the soundness of the decisions of our two sister courts in the Smith and Freeman cases, though they reached opposite conclusions. In the Freeman *859 case there was ample evidence from which the jury could have reasonably inferred that the plaintiff was not entitled to recover for certain items of damages. This does not seem to be true, however in the Smith case and it is not true in the case now before us for determination.
The transcript of testimony in the instant appeal reveals that five witnesses testified at the trial  Mr. and Mrs. Hatchell, the two plaintiffs, and their witness, an investigating police officer, while the only witnesses for the defense were the two defendants themselves.
The testimony of Mr. and Mrs. Hatchell is replete with their descriptions of the severe pain and suffering which they experienced because of the injuries to their necks and backs caused when the rear of their stopped car was rammed by the defendants' automobile, and continued to experience to the time of the trial, three months after the collision. The fact is fairly deducible from their testimony that they sought and secured medical services in an effort to alleviate their said pain and suffering, and that they purchased drugs for the same purpose. It is also fairly deducible from Mr. Hatchell's testimony that he lost wages for four days at $32 a day, or $128, because of his pain and suffering. He also testified that the bills of two doctors for treating him were in the amounts of $147.50 and $37.50, as well as a bill for drugs in the amount of $13.15. He further testified that the cost of repairing his car's transmission, damaged in the collision, was $85.41 and the estimated cost of repairing the body of his car, also so damaged, was $162.47. The total of the amounts enumerated in this paragraph is $574.03, the exact amount awarded Mr. Hatchell in the jury verdict.
Similarly, the plaintiffs testified that the bills of the said two doctors for treating Mrs. Hatchell were for $110 and $33.50, or $143.50, the exact amount awarded her in the jury verdict.
During the trial the plaintiffs introduced written evidence of the above bills and estimate as exhibits. It may be of interest to note that the record shows that twenty minutes after the jury had retired to consider the verdict, they sounded the buzzer and the bailiff announced, "Judge, they wanted to get the bills." Thereupon, the judge told the bailiff to hand them the exhibits, which the latter did. Fifteen minutes later the jury brought in the verdict that exactly reflected the totals of the bills or losses above discussed.
It requires no powers of divination to reach the conclusion that in their verdict the jury awarded nothing to the plaintiffs for their pain and suffering, despite the court's instruction that pain and suffering may be considered in awarding compensation if proven by a preponderance of the evidence.
In so diagnosing the amounts awarded in the jury verdict in this case, we do not mean to give encouragement to efforts of disappointed litigants to analyze and speculate upon what was in the jurors' minds when they arrived at a verdict. In the case before us, however, the conclusion is to us inescapable that the jury awarded nothing for the plaintiffs' pain and suffering.
Purely theoretically, of course, the jury might conceivably have awarded something for pain and suffering and still reached the total amounts of the bills to the penny  but this stretches our credulity beyond the breaking point under the circumstances shown in this record, so we unhesitatingly conclude that the jury awarded nothing to the plaintiffs for their pain and suffering, which items of damage were established without contradiction at the trial.
The jury verdict here cannot stand the tests of logic or justice. They awarded sums for medical treatments to alleviate pain and suffering, but nothing for the pain and suffering that required those treatments; they awarded a sum for drugs to *860 ease pain but nothing for the pain; and they allowed a sum for loss of wages but nothing for the pain and suffering that prevented the performing of the work.
Unlike the facts in the Freeman case, supra, there was no evidence at the trial in the instant case that the plaintiffs were malingerers or that they were grossly exaggerating their claim of pain and suffering. In fact, no medical witness testified at the trial for any party. Not only was the testimony of the plaintiffs uncontradicted concerning their pain and suffering, but it was conformable to the common experience of mankind as to injuries to the neck and back of an occupant of the front seat of a motionless automobile that is suddenly struck from the rear by another car.
An additional reason for reversing the judgment appealed from, which reason alone would require such reversal, is the obvious fact that in its verdict the jury made an award to Mrs. Hatchell for the amount of her two doctors' bills and did not include such amount in the award to her husband. The rule is established in this state that a husband is legally responsible for such obligations and hence he, not his wife, should be awarded compensation therefor in a case of this kind. See Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931), Loftin v. Anderson, 66 So.2d 470 (Fla. 1953), and Noll v. Byorick, 108 So.2d 67 (Fla.App. 1959). The trial court correctly instructed the jury concerning this rule, but the jury evidently disregarded the instruction.
The points raised by the appellants-plaintiffs in this appeal were likewise raised by them as the grounds of their motion for a new trial. The entry of the trial court's order denying the said motion is one of the appellant's assignment of errors in this appeal.
The final judgment appealed from, being based upon the jury verdict discussed herein, must be, and it is, reversed and the cause is remanded with directions for a new trial on the sole issue of damages.
Reversed and remanded with directions.
STURGIS, C.J., concurs.
WIGGINTON, J., concurs in part, dissents in part.
WIGGINTON, Judge (concurring in part, dissenting in part).
I agree that the judgment appealed should be reversed and the cause remanded for a new trial, but only for the second ground therefor assigned in the majority opinion. Medical expenses incurred by plaintiff wife as a result of the injuries sustained by her were claimed only by plaintiff husband, who under the law is the only one of the parties entitled to reimbursement for such expenses. The court charged the jury that if an award for these expenses was made, such award should be included in the verdict rendered in favor of plaintiff husband. It is apparent from the record that the jury either misunderstood the court's instructions on the law, was confused, or disregarded such instructions when it awarded to plaintiff wife the medical expenses incurred in treating the injuries which she suffered. It is for this reason that neither the verdict for the plaintiff wife nor the plaintiff husband can be sustained.
I find myself unable, however, to agree with that part of the majority opinion which holds that the judgment should be reversed and a new trial granted plaintiffs because the jury failed to award plaintiffs any amount for pain and suffering which they allegedly suffered. It is my view that under the evidence in this case, the question of whether either or both plaintiffs suffered pain for which they should be compensated was solely a jury question. It is evident from the verdict that the jury was not convinced by a preponderance of the evidence that plaintiffs suffered any appreciable pain *861 for which they should be compensated, even though it was established without conflict that certain medical expenses were incurred by plaintiffs which the plaintiffs testified were necessary because of the injuries they allegedly received in the collision. The trial judge evidently did not consider that the jury's verdict was contrary to the manifest weight of the evidence, and it was within his sound discretion to deny the motion for a new trial based upon this ground.
It is a matter of common knowledge that a person involved in an automobile collision often considers it prudent to consult a doctor, submit to various tests and examinations, and receive treatment and medication under circumstances where the patient has experienced no appreciable pain. Although such a person under these circumstances is justified in incurring such medical expenses as may be necessary to assure him that he has suffered no injuries, internal or external, as a result of his involvement in the accident, and for which expenses he is entitled to reimbursement from the person whose negligence caused the collision, it does not necessarily follow as a matter of law that such person is additionally entitled to compensation for pain and suffering merely because he claims to have suffered pain following the accident. A classic example of such a situation was present in the Freeman case decided by the Second District Court of Appeal and discussed in the majority opinion.[1]
In Freeman, plaintiff was the victim of a rear end collision resulting from the negligence of defendant. Plaintiff in that case also claimed that as a result of the collision he suffered a whiplash injury to the area of his neck and back from which he endured great physical and mental pain. The jury awarded an amount less than the medical expenses incurred by plaintiff, and nothing for pain and suffering. On appeal, the judgment rendered upon the jury's verdict was affirmed. The doctors who treated plaintiff in the Freeman case testified that plaintiff's difficulty was a mixture of conversion hysteria and malingering, i.e., partly hysteria and partly plaintiff's attempt to exaggerate his condition. Plaintiff's doctors expressed grave doubt as to whether he actually suffered any appreciable pain as a result of his injury. It was apparently for this reason that the jury refused to award plaintiff any damages for pain and suffering, even though he protested long and loud at the trial as to the amount of pain he suffered as a result of his involvement in the collision. Since his complaints were not corroborated by the expert medical testimony of his own doctors, the appellate court found the jury acted within its proper function when it refused to make an award for pain and suffering, and that the trial judge acted within the proper scope of his discretion when he denied plaintiff's motion for a new trial.
I do not reach the same conclusion from an examination of the case of Smith v. City of Miami[2] as was reached by the majority opinion. In Smith, plaintiff suffered personal injuries as a result of defendant's negligence. In addition to establishing without conflict the amount of medical expenses incurred by him as a result of the injuries he sustained, plaintiff also testified as to the severity and duration of the pain he suffered from such injuries. Two doctors who examined and treated plaintiff testified in his behalf. The first of these doctors found physical indicia of injury, including indication of a herniated intervertebral disc. In a subsequent examination, the other doctor found muscular soreness, but he found no evidence of a herniated disc. Each doctor found some physical evidence to support a history of pain as testified to by plaintiff. Thus, in Smith the uncontradicted expert medical testimony established that plaintiff had in fact suffered an injury, the physical evidence of which was such as to likely induce pain and *862 suffering. Plaintiff testified that he had actually suffered the pain for which he claimed compensation. The jury's verdict for the exact amount of medical expenses without any allowance for pain and suffering was reversed and the cause remanded for a new trial. The District Court of Appeal reasoned that since the jury recognized the existence of plaintiff's injury and awarded him the exact amount of expenses incurred in alleviating the pain suffered by him as testified to both by plaintiff and his medical experts, it was not justified in refusing to make some award to plaintiff as compensation for pain and suffering.
The facts in the Smith case are clearly distinguishable from the case sub judice. In our case, it appears that although plaintiffs consulted and received treatment from at least three medical doctors, no testimony of any of these doctors was offered as evidence at the trial. The whiplash injuries which plaintiffs claim they suffered as a result of defendant's negligence in this case are of a nature which are not discernible to the naked eye, and which can be definitely established only by qualified medical proof. Other than the lay testimony of the plaintiffs themselves, there is no proof in the record before us that plaintiffs suffered the injuries they claim, or indeed any injuries at all. The record is likewise devoid of any expert medical proof corroborating or lending support to the testimony of plaintiffs that they suffered pain as a result of their alleged injuries. It is my view that the jury acted properly within the scope of its authority when it concluded that plaintiffs had failed to establish by a preponderance of the evidence that they suffered any appreciable pain for which compensation should be awarded. This is so, even though the jury could have been convinced from the uncontradicted proof before it that the plaintiffs had incurred medical expenses following the collision in which they were involved for which they should be compensated in the amount awarded by the jury's verdict.
I am extremely fearful that the rule of law contended for by the majority opinion is unsound and wrongfully invades the province of the jury as the finder of fact, and likewise invades the discretionary function of the trial judge in passing upon motions for a new trial. It does not appear to me to be a sound principle of law to hold that merely because a person involved in an accident resulting from the negligence of another incurs medical expenses as a result of a real or supposed injury arising out of the accident for which he is entitled to be compensated, that it necessarily follows as a matter of law that the jury must also award compensation for pain and suffering on the bare statement of the plaintiff alone, uncorroborated by any medical proof as to either the existence or nature of the alleged injury, or whether it is of a type which might normally be expected to result in pain. I therefore am unable to agree to a reversal of the judgment on the ground last above discussed.
NOTES
[1] Freeman v. Bandlow (Fla.App. 1962), 143 So.2d 547.
[2] Smith v. City of Miami (Fla.App. 1963), 153 So.2d 62.