### GRANDE, et al v. SHIELDS.
No. 62-L-388.

Circuit Court, Dade County.

January 28, 1964.

Alfred Gustinger, Jr., Miami, for plaintiff.

Richard J. Thornton of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

HENRY L. BALABAN, Circuit Judge.

This cause came on for hearing upon plaintiffs' motion for new trial, and, after hearing argument of counsel for the respective parties on two occasions, and after reviewing and considering authorities cited by both counsel and conducting independent research, it is found and determined that plaintiffs' motion for new trial should be denied.

The trial jurors, as reasonable men, could have found the verdicts they did. It matters not that the court might have reached a different result. The jury was not required to believe testimony of the minor plaintiff or his father regarding injury, pain or disability. It was at liberty to accept or reject the doctors' opinions in the light of its own appraisal of plaintiffs' testimony. See Shaw v. Puleo, Supreme Court of Florida, Case No. 32,717, Opinion filed January 8, 1964, and cases cited therein [159 So.2d 641].

While the type of injury claimed in this case may be productive of pain, it is not necessarily so. It is common knowledge that doctors' opinions concerning the presence or absence of pain are based, for the most part, on the patient's subjective responses to the doctor's examination. Ordinarily, a doctor accepts his patient's complaints and attempts to treat them to make them go away. A trial jury, on the other hand, is at liberty to find, as apparently this one did, that the minor plaintiff did not actually experience the pain he claimed. The presence or absence of pain is a factual question for the jury. Accordingly, neither a plaintiff's assertions nor a doctor's opinion with regard thereto is final or binding on the court or jury. Even if the jury finds that a minor plaintiff suffered no appreciable pain warranting a money verdict, the same jury is not precluded from reimbursing the co-plaintiff father for all or a portion of the medical expenses he incurred for finding out whether the minor plaintiff was injured, or even for treatment of claimed ailments. This is particularly true where, as here, the evidence concerning the pain was in conflict (as distinguished from the uncontradicted testimony on that subject in Smith v. City of Miami, Fla. App. 1963, 153 So.2d 62 and Hatchell v. Hayes, Fla. App. 1963, 157 So.2d 855). Upon the record here this court cannot fault the apparent views of the jury that while it may be prudent for a person to seek medical advice to assure that he has suffered no internal or external injuries as the result of an accident, and that he should be reimbursed for the expense incident to such medical appraisal, it does not necessarily follow that such person is additionally entitled to compensation for pain and suffering merely because he claims to have suffered pain following the accident.

Accordingly, it is ordered and adjudged that plaintiffs' motion for new trial be and the same is hereby denied.