RADIANT OIL COMPANY, Plaintiff in Error, v. CATHERINE JEAN HERRING, a Minor, by Her Father and Next friend, Gene Herring, Defendant in Error. RADIANT OIL COMPANY, Plaintiff in Error, v. GENE HERRING, Defendant in Error.

200 So. 376

En Banc

Opinion Filed February 14, 1941

*Ernest, Lewis & Smith,* for Plaintiff in Error;

*Blackwell & Donnell,* for Defendants in Error.

TERRELL, J.—Catherine Jean Herring, a child of six years old, was injured by a truck of Radiant Oil Company while playing in an alley in West Palm Beach near where the truck was servicing a fueling plant for a bakery. She brought a common law action for damages and recovered a verdict for one thousand dollars. Her father, Gene Herring, brought a common law action against the same defendant to recover for loss of services of his child and for medical expenses and recovered a verdict of $1,767.05, the exact amount claimed and shown to have been incurred for medical expenses. No loss of services was proven.

The issues in each case were tried and verdicts were rendered by the same jury. A joint bill of exceptions was settled, writs of error were taken by the defendant in both cases, and they were consolidated and argued together in this Court. In the case of Gene Herring, the writ of error is to a final judgment on the verdict while in the case of Catherine Jean Herring, the writ of error was to an order granting a new trial because of inadequacy of the verdict, the new trial being limited to the question of damages only.

The same grounds are urged for reversal in both cases. It is first contended that an unschooled child six years of age is incapable of appreciating the significance of an oath and, being so, it was error to permit her to testify in the case.

It is quite true that under the common law a person under fourteen years of age was not considered a competent witness in any controverted matter but in Florida, and we think generally, that rule has been abandoned and that not an arbitrary age but the degree of intelligence one exemplifies as to the sanctity of an oath and as to affairs generally is the test by which he will be permitted to testify. Such a

test is a matter for determination by the trial court and there is no showing that his discretion was abused.

Should the trial court have granted the motion for new trial for inadequacy of damages predicated on no specific ground but on general allegations?

It has been held that under the old common law rule, a motion for new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in one case as the other. Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the court's charge. 20 R. C. L. 283.

Motions for new trial for inadequacy of verdict should be made on one or all these grounds; otherwise they will not stand. The motion in this case appears to have been granted on the ground that the jury did not consider the proper elements of damage though the record is not clear on the point. We think, however, that the court erred in limiting the new trial to the amount of damages in the one case. The two cases were so closely related and infected by a mutual dependence and were properly tried together. If they are to be tried again, they should be tried under the same circumstances as before.

The judgment is accordingly reversed and a new trial awarded.

Reversed.

158

BROWN, C. J., WHITFIELD and CHAPMAN, J. J., concur.

BUFORD and ADAMS, J. J., concur specially.

THOMAS, J., dissents.

BUFORD, J. (concurring specially).—I concur in the judgment of reversal because it is my opinion that the evidence is insufficient to establish any actionable negligence on the part of defendant's agent or servant.

As I read the record it shows that an unfortunate accident occurred when a little child out of the range of vision of the driver of an automobile truck moved voluntarily from a place of safety to a place of danger in front of the rear wheels of the truck just as the driver, using all reasonable care, put the truck slowly in forward motion in a lawful and careful manner.

ADAMS, J., concurs.

THOMAS, J. (dissenting).—I think the judgment should be affirmed.