165 So.2d 748 (1964)
CITY OF MIAMI, Florida, a municipal corporation, and Board of County Commissioners of Dade County, Florida, Petitioners,
v.
Marshall SMITH, Respondent.
No. 32877.
Supreme Court of Florida.
June 24, 1964.
Rehearing Denied July 22, 1964.
*749 Robert D. Zahner, City Atty., and John S. Lloyd, Asst. City Atty., for petitioners.
Fuller & Brumer, and Kenneth L. Ryskamp, Miami, for respondent.
CALDWELL, Justice.
Petitioner for writ of certiorari seeks to have this Court review the decision of the District Court of Appeal, Third District, in the case of Smith v. City of Miami et al.[1]
Respondent Smith, plaintiff below brought an action for injuries sustained when he fell on an allegedly defective portion of sidewalk. The trial resulted in a verdict for plaintiff for $441.00, the exact amount the medical expenses claimed. Plaintiff's motion for new trial, on the ground that no allowance was made for pain and suffering and loss of earnings, was denied.
The District Court of Appeal reversed and remanded for a new trial on the issue of damages holding that the verdict demonstrated a "complete disregard of the trial judge's instruction on the law" and that the trial judge had abused his wide discretion in denying motion for new trial.
The case cited for conflict is Freeman v. Bandlow[2] wherein on similar facts the District Court of Appeal, Second District, reached a contrary result. The District Court in the instant case stated that it would not attempt to distinguish the Freeman case and expressly declined to follow it.
In Shaw v. Puleo[3] we held:
"The question of adequacy or inadequacy of damages is governed by this court's decision in Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, wherein we said:
"`It has been held that under the old common law rule, a motion for new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in the one case *750 as the other. Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. 20 R.C.L. 283.' * * *
"In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did."
When measured by the language just quoted the decision under review must be quashed. The District Court concluded it was not reasonable to assume that a verdict for the exact amount of the medical bills "included a consideration of the evidence of pain and suffering." We disagree and express it as our view that, absent a showing of vitiating circumstance such as were enumerated in the Radiant Oil case, supra, we must assume that the jury considered all elements of damage. In the instant case the jurors may well have concluded that although there was in fact no compensable pain and suffering, the petitioner, nevertheless, had incurred medical expense and was to that extent entitled to recover.
In Freeman v. Bandlow,[4] the jury awarded the exact amount of a doctor's bill to plaintiff in a personal injury action and defendant appealed asserting inadequate damages. The District Court, Second District, found that, although contrary inferences of fact could have been drawn, the Court could not say with requisite assurance that the jury clearly labored under misconception of the law or evidence or failed to consider the extent of plaintiff's actual injuries and the elements of damage involved.
The record here fails to demonstrate abuse of discretion on the part of the trial judge in denying the motion for new trial. The decision of the District Court of Appeal is quashed and the cause is remanded for disposition consistent herewith.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL and ERVIN, JJ., concur.
NOTES
[1] 153 So.2d 62 (Fla.App. 3rd 1963).
[2] 143 So.2d 547 (Fla.App. 2nd 1962).
[3] 159 So.2d 641, 644 (Fla. 1964).
[4] 143 So.2d 547 (Fla.App.2nd 1962).