WIGGINTON, Acting Chief Judge.
Plaintiff has appealed a final judgment entered upon a jury verdict awarding him damages for injuries sustained as a result of being struck by an automobile negligently operated by one of the appellees. Appellant contends that the damages awarded him by the jury are grossly inadequate, and the trial judge abused his discretion in entering judgment on the verdict and denying his motion for new trial.
The evidence reveals without dispute that as a result of the injuries sustained by appellant he was hospitalized for a period of approximately six weeks; underwent one operation and will be subjected to another *854 before lie is completely recovered; and, suffers a permanent partial disability to his left hand and arm. For his pain, suffering, and permanent partial disability appellant was awarded damages in the sum of $500.00. It is his position that the inadequate verdict resulted from the jury laboring under some misconception of the law or evidence, or in refusing to consider all of the elements of damages involved, or because it missed a consideration of the issues submitted or failed to discharge its duty as given by the court’s charge.
In two separate cases involving facts similar in all material respects to those in the case sub judice we agreed with the theories, principles and reasons now advanced by appellant in support of his position, and rendered decisions reversing judgments entered in personal injury actions on the ground that the verdicts were inadequate.[1] In each case the Supreme Court reviewed and quashed our decisions, and directed that the judgments entered by the trial courts be reinstated.[2] Similarly, the Third District Court of Appeal rendered a decision in a case factually identical to the one sub judice. By its opinion that court likewise agreed with the theories and reasons advanced by appellant to demonstrate the inadequacy of the verdict rendered in that case, and entered its judgment of reversal.[3] That decision met a similar fate when reviewed by our Supreme Court on certiorari resulting in a decision of quashal with directions that the trial court judgment be reinstated.[4] It therefore affirmatively appears that the principles of law urged by the appellant as grounds for reversal of the decision of which he complains collides with the law of the land as enunciated by our Supreme Court in the three decisions above cited. Under the circumstances we are not authorized to agree with the contentions advanced by appellant, and must therefore reject them.
We have carefully considered the remaining points presented for our consideration, but find them to be without substantial merit.
The judgment appealed is accordingly affirmed.
CARROLL, DONALD, and RAWLS, JJ-, concur.

. Puleo v. Shaw, (Ma.App.1963) 149 So. 2d 880; Hatchell v. Hayes, (Ma.App. 1963) 157 So.2d 855.

. Shaw v. Puleo, (Ma.1964) 159 So.2d 641; Hayes v. Hatchell, (Ma.1964) 166 So.2d 146.

. Smith v. City of Miami, (Fla.App.1963) 153 So.2d 62.

. City of Miami v. Smith, (Fla.1964) 165. So.2d 748.