182 So.2d 401 (1966)
Paul E. ROBERTS, Petitioner,
v.
Donald E. BUSHORE, Jr., and Eva Mae Bushore, his wife, Respondents.
No. 34396.
Supreme Court of Florida.
February 2, 1966.
Searcy & Sohn, Jacksonville, for petitioner.
Marion R. Shepard and Mathews, Osborne & Ehrlich, Jacksonville, for respondents.
PER CURIAM.
We are asked to review by writ of certiorari the decision of the District Court of Appeal, First District, in Roberts v. Bushore, 172 So.2d 853 (Fla.App.1st, 1965).
The facts of this case are succinctly stated in the opinion of the District Court and require no elaboration. It will be noted from the opinion that the District Court refused to disturb the verdict because of the results reached in three of our decisions, viz., Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); City of Miami v. Smith, 165 So.2d 748 (Fla. 1964); Hayes v. Hatchell, 166 So.2d 146 (Fla. 1964).
Petitioner contends these decisions were misapplied by the District Court in that they did not modify the rule that a grossly inadequate verdict must be tested on review similarly as a grossly excessive verdict; instead, that in the three cases this Court applied the existing rule to the particular facts of those cases but in so doing disagreed with the decisions therein of the District Courts of Appeal.
Petitioner further contends the view taken by the District Court of Appeal in the instant case, that the rule of law for reviewing an inadequate verdict has been altered in effect by the three cases cited above, conflicts with Radiant Oil Company v. Herring, 146 Fla. 154, 200 So. 376, wherein the following was said:
"[3, 4] It has been held that under the old common law rule, a motion for new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in one case as the other. Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a *402 consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. 20 R.C.L. 283."
The quoted language in Radiant Oil Company v. Herring was followed in the three cases cited above.
We agree with the Petitioner and conclude that the District Court of Appeal went too far in its evaluation of the results reached in the three cases and should not have equated them to amount to a new rule of law of the land.
In fairness to the District Court of Appeal, which apparently considered the limiting tests that a verdict will not be disturbed absent a showing of passion or prejudice or some of the other elements rendering a verdict inadequate, left little or no basis for judicial review of a verdict challenged as inadequate, we append the following explanation. Our decisions in the three cases were not intended to indirectly preclude a review by the District Courts of verdicts challenged for inadequacy. We reiterate that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may be as readily granted in the one case as the other. Moreover, we did not mean by the language employed in any of our prior decisions or the results therein that neither the trial court nor the District Court is precluded from disturbing a verdict which as an end result is so grossly inadequate that it shocks the conscience of the Court.
The judgment of affirmance of the District Court is quashed with directions to review the case in the light of the principles expressed herein.
It is so ordered.
THORNAL, C.J., THOMAS, ROBERTS, O'CONNELL, CALDWELL and ERVIN, JJ., and MASON, Circuit Judge, concur.