WIGGINTON, J.
Plaintiff in this case has appealed a final judgment entered upon a jury verdict by which he was awarded damages for injuries sustained as a result of being struck by an automobile negligently operated by one of the appellees. Appellant contends that the damages awarded by the jury are grossly inadequate, and that the trial court abused its discretion in entering judgment on-the verdict and denying his motion for a new trial.
In our consideration of this appeal we gave great weight to two prior decisions rendered by this court, and one decision rendered by the Third District Court of Appeal, in cases factually similar in all material respects to the one sub judice.
In Puleo v. Shaw[1] this court considered an appeal by a plaintiff from a judgment entered upon a jury verdict which found the defendant guilty of negligence in the operation of his motor vehicle which proximately caused plaintiff’s injury, but which refused to award plaintiff any damages as claimed by him. After carefully reviewing the evidence adduced at the trial we concluded, and so held, that the verdict of the jury was contrary to the manifest weight of the evidence and justice of the cause as related to the issue of damages, and denial of plaintiff’s motion for a new trial constituted an abuse of discretion. In reaching our conclusion we acted in conformity with the well-settled rule in this jurisdiction that if the verdict of the jury is against the manifest weight of the evidence and justice of the cause, it is the duty of the. trial court to grant plaintiff a new trial, and failure to do so will constitute an abuse of discretion.[2] In reliance upon this principle of law we reversed the judgment appealed and remanded the case for a new trial on the issue of damages.
Our decision in Puleo was reviewed by the Supreme Court on the ground of conflict. In its opinion rendered in that case the Supreme Court neither recognized nor referred to the principle of law on which this court relied in reaching its judgment of reversal.[3] Instead, the Supreme Court reiterated an equally well-established principle of law originally pronounced in Radiant'Oil Co. v. Herring,[4] as follows:
“It has been held that under the old common law rule, a motion for new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in one case as the other. Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejttdice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court’s charge. * * * ”
In turning its decision on the principle announced in Radiant Oil Co., it would have been extremely helpful had the Supreme Court laid down guidelines by which a court may properly grant a new trial when it is shown that the verdict is contrary to the manifest weight of the evidence as authorized by its decision in Cloud v. Fallis, *710 and at the same time not violate the admonition of Radiant Oil Co. which proscribes the setting aside of a verdict for the reason that it is less than the court thinks it should be. Instead, however, the Supreme Court extended the ruling in Radiant Oil Co. to appellate courts by pronouncing the following principle:
“In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable, men could not have found the verdict they did. * * * ”
In its consideration of the case the Supreme Court substituted its interpretation of the evidence for that placed thereon by this court in reaching the conclusion that this court erred in the conclusion it reached by substituting its interpretation of the evidence for that placed thereon by the trial court. Upon the foregoing pronouncement the Supreme Court quashed this court’s decision and remanded the case with directions that the judgment appealed be affirmed.
In our consideration of this appeal we also gave weight to the decision rendered in Smith v. City of Miami[5] by the Third District Court of Appeal. There, as here, a judgment was assaulted on the ground that the damages awarded by the jury were inadequate. Upon a review of the facts in that case the Third District Court of Appeal recognized and quoted the Supreme Court’s decision in Radiant Oil Co., supra, and upon the authority of that decision specifically found that under the facts in Smith the record demonstrated that the jury did not consider all the elements of damage involved. This is one of the grounds set forth in the Radiant Oil Co., decision which the Supreme Court held not only justified but required the setting aside of a verdict and the granting of a new trial. This decision was likewise reviewed by the Supreme Court on the ground of conflict and that court again quoted from its decision in Radiant Oil Co. and repeated what it had said in Puleo v. Shaw to the effect that in reviewing an order denying a motion for a new trial on the ground that the verdict is inadequate, the appellate court should remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did.[6] By its decision the Supreme Court in effect held that the District Court of Appeal was not authorized on the evidence before it to find that the jury did not properly consider all the elements of damage involved in arriving at its verdict. In reaching this conclusion the Supreme Court exercised the prerogative of placing its own independent interpretation on the evidence, leading it to assume that the jury had considered -all elements of damage in reaching the verdict it did. In so doing the Supreme Court substituted its judgment on the facts found by it for that of the District Court, and by this process reached a contrary conclusion requiring quashal of the District Court’s decision.
We also considered the case of Hatchell v. Hayes.[7] In Hatchell this court reversed a judgment based on a jury verdict upon the finding, among other things, that the verdict was inadequate and reflected a failure by the jury to take into consideration all the elements of damage established by the evidence and for which the plaintiff was entitled to recover under the charge of the *711 court. This decision was likewise reviewed by the Supreme Court and quashed on the authority of its prior decision in City of Miami v. Smith, supra, by a per curiam decision without opinion.[8]
From the foregoing the clear and unmistakable inference arises that the Supreme Court, by its several decisions referred to above, intended to promulgate a rule of law to the effect that although a trial judge has the privilege and duty under Cloud v. Fallís, supra, and Radiant Oil Co. v. Herring, supra, to set aside a jury verdict and grant a new trial under proper circumstances, such duty and privilege may be exercised by district courts of appeal only under exceptional circumstances not yet clearly defined by the decisional law of this State. The conclusion seemed inescapable that for all practical purposes the Supreme Court intended to withdraw from appellate courts the right to interpret and evaluate the evidence in determining whether a new trial should be granted on the ground that the damages awarded are inadequate. Having reached this conclusion, we rendered our decision in the case sub judice rejecting appellant’s contention that he was entitled to a new trial, and accordingly affirmed the judgment appealed.[9]
 Our decision in this case has now been reviewed by the Supreme Court on a petition for writ of certiorari. That court has rendered its opinion in which it apprehends that this court has misinterpreted the meaning and intent of its decisions in the three cases cited above in reaching our decision. By way of explanation of what it meant by the decisions in question the Supreme Court now says:
“ * * * Our decisions in the three cases were not intended to indirectly preclude a review by the District Courts of verdicts challenged for inadequacy. We reiterate that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may be as readily granted in the one case as the other. Moreover, we did not mean by the language employed in any of our prior decisions or the results therein that neither the trial court nor the District Court is precluded from disturbing a verdict which as an end result is so grossly inadequate that it shocks the conscience of the Court.
“The judgment of affirmance of the District Court is quashed with directions to review the case in the light of the principles expressed herein.”[10]
In accordance with the directions contained in the Supreme Court’s decision of quashal, we have again reviewed the evidence in this case, but are unable to escape the conclusion that so long as the decisions of the Supreme Court in the Shaw, City of Miami, and Hayes cases cited above remain the law of the land, the judgment appealed in this case must be affirmed. We find no substantial distinction in any material respect between the salient facts and the legal questions presented in each of the three cases mentioned above, and those present in the case sub judice. It necessarily follows that the rule of law applied by the Supreme Court in each of the three mentioned cases must prevail here. The judgment appealed is accordingly reaffirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Puleo v. Shaw (Ma.App.1963), 149 So. 2d 880.

. Cloud v. Fallis (Ma.1959), 110 So.2d 669, 673; Hill v. Peddy, 80 Ma. 832, 86 So. 836; Silcox v. Corsa, 80 Ma. 677, 86 So. 611.

. Shaw v. Puleo, (Ma.1964), 159 So.2d 641.

. Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, 377-378.

. Smith v. City of Miami (Fla.App.1963), 153 So.2d 62.

. City of Miami v. Smith (Fla.1964), 165 So.2d 748.

. Hatchell v. Hayes (FIa.App.1963), 157 So.2d 855.

. Hayes v. Hatchell (Fla.1964), 166 So.2d 146.

. Roberts v. Bushore (Fla.App.1965), 172 So.2d 853.

. Roberts v. Bushore (Fla.1966), 182 So.2d 401, opinion filed February 2, 1966.