230 So.2d 143 (1969)
Joseph W. GRIFFIS, Petitioner,
v.
Evelyn Long Pryle HILL, Respondent.
No. 38058.
Supreme Court of Florida.
November 19, 1969.
Rehearing Denied February 2, 1970.
*144 Angus W. Harriett, Palalka, for petitioner.
J. Robert McClure, Jr., Charles D. McClure, of McClure, Wigginton & McClure, Tallahassee, Joe C. Miller, II, of Dowda, Millican & Miller, Palalka, for respondent.

ON REHEARING GRANTED
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, First District. We initially denied the writ but on rehearing granted have determined that jurisdictional conflict exists.
The opinion sought to be reviewed follows:[1]
"This is an appeal from a final judgment based upon a jury verdict in an action for damages. The main point of contention is the inadequateness of the verdict and judgment. Motion for new trial was denied.
"It appears from the evidence that actual medical expenses of approximately $797.90 was proved as the only evidence of tangible damages. The jury verdict was for $1785.00.
"Inasmuch as the jury fixed the amount of its verdict at a figure in excess of proven medical expenses, presumably for any and all other damages accruing to the claimant, including pain and suffering and loss of earnings, we feel compelled to affirm under the authority of City of Miami v. Smith, 165 So.2d 748 (Fla. 1964) and Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)."
The District Court in the foregoing opinion relied on the decisions of this Court in Puleo[2] and Smith[3] cases, but attributed to those decisions an erroneous principle of law. There is conflict of the type recognized in Pinkerton Hays Lumber Co. v. Pope.[4]
We were confronted with a similar opinion of the District Court of Appeal, First District, in the case of Roberts v. Bushore.[5] There the First District indicated that the prior decisions of this Court in the Puleo and Smith cases, supra, and in Hayes v. Hatchell[6] precluded appellate review on the ground of inadequate damages in personal injury actions. We quashed the decision of the District Court in Roberts v. Bushore and remanded with the following explanation:[7]
"Our decisions in the three cases [Shaw, Smith and Hayes] were not intended to indirectly preclude a review by the District Courts of verdicts challenged for inadequacy. We reiterate that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may be as readily granted in the one case as the other. Moreover, we did not mean by the language employed in any of our prior decisions or the results therein that neither the trial court nor the District Court is precluded from disturbing a verdict which as an end result is so grossly inadequate that it shocks the conscience of the Court."
*145 But on remand in Roberts, the District Court persisted, stating:[8]
"In accordance with the directions contained in the Supreme Court's decision of quashal, we have again reviewed the evidence in this case, but are unable to escape the conclusion that so long as the decisions of the Supreme Court in the Shaw, City of Miami, and Hayes cases cited above remain the law of the land, the judgment appealed in this case must be affirmed. We find no substantial distinction in any material respect between the salient facts and the legal questions presented in each of the three cases mentioned above, and those present in the case sub judice. It necessarily follows that the rule of law applied by the Supreme Court in each of the three mentioned cases must prevail here. The judgment appealed is accordingly reaffirmed."
The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. This test is simply stated but may be difficult to apply in a particular case. We are aware of the difficulties and frustrations courts experience in the search for the mythical jury of reasonable men. The appellate court must be ever alert against the temptation to substitute its "verdict" for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict.
To the extent that this Court's decision in Roberts or our holding herein are inconsistent with the decisions in Shaw, Hayes and Smith, these latter decisions are modified.
We have reviewed the record and find that the verdict of the jury is clearly and grossly inadequate. Accordingly, the opinion of the District Court is quashed with directions to remand the cause to the trial court with directions to grant a new trial on liability and damages.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.
THORNAL, J., agrees to conclusion.
CARLTON, J., dissents.
NOTES
[1] 217 So.2d 358 (Fla.App.1st 1968).
[2] Shaw v. Puleo, 159 So.2d 641 (Fla. 1964).
[3] City of Miami v. Smith, 165 So.2d 748 (Fla. 1964).
[4] 127 So.2d 441 (Fla. 1961).
[5] 172 So.2d 853 (Fla.App.1st 1965).
[6] 166 So.2d 146 (Fla. 1964).
[7] 182 So.2d 401, 402 (Fla. 1966).
[8] 183 So.2d 708, 711 (Fla.App.1st 1966).