235 So.2d 11 (1970)
Julius L. GROSSMAN, Appellant,
v.
Thomas B. SHORT, Appellee.
No. 69-170.
District Court of Appeal of Florida, Third District.
May 5, 1970.
Rehearing Denied June 2, 1970.
Gaine & Gaine, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, and Edward G. Rubinoff, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by the plaintiff below from a judgment rendered on a jury verdict in his favor in an automobile accident case, in which the appellant seeks a new trial on damages on the ground that the verdict was inadequate.
In his action the plaintiff-appellant sought damages for personal injuries and for damage to his automobile. The defendant admitted liability. The parties stipulated to the sum of $125 as the amount of plaintiff's property damage. On the trial on damages, the jury rendered a verdict for the plaintiff in the amount of $125.
The record discloses that plaintiff consulted and was examined by a doctor on the day following the collision. The doctor testified that the plaintiff had suffered *12 injury to his right groin area, had no past medical history of problems in that area, and that the injury could have been caused by the accident in question. The doctor treated him for some months, and then referred him to an orthopedic surgeon. The latter concurred in the treating physician's diagnosis, based on the medical history given him and the plaintiff's subjective complaints. Evidence was introduced of medical expenses incident thereto of approximately $500.
We are inclined to agree with the contention of the appellant that in view of the admission of liability, and the stipulation of the parties that the property damage which the plaintiff was entitled to recover was the amount of $125, the verdict for that sum represented an award for the property damage alone, with nothing awarded to plaintiff for medical expenses or personal injuries.
In the recent case of Griffis v. Hill, Fla. 1969, 230 So.2d 143 (on rehearing granted), the Supreme Court, after reviewing earlier cases dealing with claims of inadequacy of verdicts, said:
"The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. This test is simply stated but may be difficult to apply in a particular case. We are aware of the difficulties and frustrations courts experience in the search for the mythical jury of reasonable men. The appellate court must be ever alert against the temptation to substitute its `verdict' for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict."
In Griffis v. Hill, supra, the plaintiff in a personal injury action showed medical expenses of $797.90, and received a favorable verdict for $1,785. On appeal by the plaintiff claiming inadequacy of the verdict, the appellate court (first district), 217 So.2d 358 affirmed, saying:
"Inasmuch as the jury fixed the amount of its verdict at a figure in excess of proven medical expenses, presumably for any and all other damages accruing to the claimant, including pain and suffering and loss of earnings, we feel compelled to affirm under the authority of City of Miami v. Smith, 165 So.2d 748 (Fla. 1964), and Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)."
Neither the district court's opinion nor the Supreme Court's opinion in the Griffis case recited the facts as to the other elements of damage which were disclosed in the record, on the basis of which it was contended that the amount of approximately $1,000 included in the verdict over and above the medical expenses was inadequate for such elements of damage as pain and suffering and loss of earnings in that case. The Supreme Court quashed the district court's judgment of affirmance and directed that the cause be remanded to the trial court for new trial on liability and damages. In so holding the Supreme Court stated: "We have reviewed the record and find that the verdict of the jury is clearly and grossly inadequate," and added: "to the extent that this Court's decision in Roberts[1] or our holding herein are inconsistent with the decisions in Shaw, Hayes and Smith,[2] these latter decisions are modified."
Applying this latest decision of the Supreme Court dealing with this subject, we conclude that the verdict rendered in this case was not one which a jury of reasonable men could have returned in view of the evidence disclosed in this record. Unless the jury could reasonably *13 conclude there was no need for the plaintiff to be examined by a doctor, the verdict at least should have included some award to the plaintiff for medical expenses, although the jury would not be bound by the evidence as to the amount and reasonableness of the medical charges, and could determine upon the amount thereof which it found to be reasonably and necessarily incurred in the circumstances of the case. Also, there was evidence from the doctors, as well as from the plaintiff, that the latter suffered certain personal injuries as a result of the collision, for which the plaintiff (by virtue of the defendant's admission of liability) was entitled to recover unless the jury should disbelieve entirely that any bodily injury, pain and suffering or physical discomfort resulted to the plaintiff from the incident.
On considering the record, we conclude on authority of Griffis v. Hill, supra, that the interest of justice would best be served by a new trial in this case on the issue of damages. Accordingly, the judgment appealed from is reversed and the cause is remanded to the circuit court with directions to grant a new trial on damages.
It is so ordered.
NOTES
[1] Roberts v. Bushore, Fla.App. 1965, 172 So.2d 853.
[2] Shaw v. Puleo, Fla. 1964, 159 So.2d 641; Hayes v. Hatchell, Fla. 1964, 166 So.2d 146; City of Miami v. Smith, Fla. 1964, 165 So.2d 748.