245 So.2d 217 (1971)
Thomas B. SHORT, Petitioner,
v.
Julius L. GROSSMAN, Respondent.
No. 39811.
Supreme Court of Florida.
January 13, 1971.
Rehearing Denied March 23, 1971.
Edward G. Rubinoff, of Preddy, Haddad, Kutner & Hardy, Miami, for petitioner.
Brian T. Gaine, of Gaine & Gaine, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Grossman v. Short, 235 So.2d 11), which allegedly conflicts with a prior decision of this Court (Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)) on the same point of law. Fla. Const., art. V, § 4 (F.S.A.)
For clarity, the parties will be referred to as they appeared in the trial court. *218 Petitioner was the Defendant and Respondent was the Plaintiff.
While Plaintiff's automobile was stopped at a traffic light, Defendant's automobile, traveling in the opposite direction, struck the front of Plaintiff's automobile. Liability was admitted by the Defendant and the parties stipulated that the amount of Plaintiff's property damage was $125.00. The cause was submitted to the jury on the question of personal injuries allegedly suffered by Plaintiff, as well as his medical expenses, and a verdict was returned in the amount of $125.00. Plaintiff's motion for a new trial was denied and an appeal was taken to the District Court of Appeal. The District Court reversed the trial court's order denying Plaintiff's motion for a new trial. After denial of petition for rehearing, Defendant filed a petition for writ of certiorari in this Court. The writ was granted.
In its opinion, the District Court in the case sub judice relied heavily upon Griffis v. Hill, 230 So.2d 143 (Fla. 1969), and concluded that the verdict rendered in this case was not one which a jury of reasonable men could have returned in view of the evidence disclosed in the record. In its opinion, the Court said:
"Unless the jury could reasonably conclude there was no need for the plaintiff to be examined by a doctor, the verdict at least should have included some award to the plaintiff for medical expenses, although the jury would not be bound by the evidence as to the amount and reasonableness of the medical charges, and could determine upon the amount thereof which it found to be reasonably and necessarily incurred in the circumstances of the case. Also, there was evidence from the doctors, as well as from the plaintiff, that the latter suffered certain personal injuries as a result of the collision, for which the plaintiff (by virtue of the defendant's admission of liability) was entitled to recover unless the jury should disbelieve entirely that any bodily injury, pain and suffering or physical discomfort resulted to the plaintiff from the incident.
"On considering the record, we conclude on authority of Griffis v. Hill, supra, that the interest of justice would best be served by a new trial in this case on the issue of damages."
In Shaw v. Puleo, supra, as in the case sub judice, the Plaintiff allegedly suffered a soft tissue injury and the jury returned a verdict of no damages. The District Court reversed on ground that the verdict was inadequate. This Court quashed the opinion of the District Court and reinstated the jury's verdict, saying:
"In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did. Utley v. Southern Metal Products Co. (Fla. DCA 2nd, 1959) 116 So.2d 28. Thus, it should be kept in mind that the mere happening of an accident or even the fact that negligence is shown will not in and of itself produce a right to recover damages. Chomont v. Ward, [Fla., 103 So.2d 635] supra. Among the items which the party seeking to recover must prove, even when liability is clear, is the necessity and reasonableness of the charges for medical attendance and treatment. Schmidt v. Tracey, [Fla.App., 150 So.2d 275] supra." (159 So.2d page 644)
In the past, the opinions of appellate courts have been subject to apparent ambiguity where inadequacy of damages was the question involved. In Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376 (1941); Shaw v. Puleo, supra; City of Miami v. Smith, 165 So.2d 748 (Fla. 1964); and Hayes v. Hatchell, 166 So.2d 146 (Fla. 1964), the opinions apparently gave the impression that the appellate court was *219 precluded from reviewing verdicts on the basis of inadequacy. This dilemma was pointed out in Roberts v. Bushore, 183 So.2d 708 (Fla.App. 1st, 1966), where the District Court said:
"From the foregoing the clear and unmistakable inference arises that the Supreme Court, by its several decisions referred to above, intended to promulgate a rule of law to the effect that although a trial judge has the privilege and duty under Cloud v. Fallis, [Fla., 110 So.2d 669] supra, and Radiant Oil Co. v. Herring, [146 Fla. 154, 200 So.2d 376] supra, to set aside a jury verdict and grant a new trial under proper circumstances, such duty and privilege may be exercised by district courts of appeal only under exceptional circumstances not yet clearly defined by the decisional law of this State. The conclusion seemed inescapable that for all practical purposes the Supreme Court intended to withdraw from appellate courts the right to interpret and evaluate the evidence in determining whether a new trial should be granted on the ground that the damages awarded are inadequate." (page 711)
The District Court in Griffis v. Hill, 217 So.2d 358 (Fla.App. 1st, 1968), in affirming an appeal based upon inadequacy of damages, said:
"Inasmuch as the jury fixed the amount of its verdict at a figure in excess of proven medical expenses, presumably for any and all other damages accruing to the claimant, including pain and suffering and loss of earnings, we feel compelled to affirm under the authority of City of Miami v. Smith, 165 So.2d 748 (Fla. 1964) and Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)." (page 359) (Emphasis supplied.)
When the Griffis case was brought to this Court, we pointed out that the District Court was not precluded from a review on the ground of inadequate damages. In the opinion, this Court said:
"The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. This test is simply stated but may be difficult to apply in a particular case. We are aware of the difficulties and frustrations courts experience in the search for the mythical jury of reasonable men. The appellate court must be ever alert against the temptation to substitute its `verdict' for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict."
The opinion of the District Court was quashed with directions to remand the cause to the trial court for the purpose of a new trial on liability and damages.
The decision of the District Court in the case sub judice does not relieve Plaintiff of proving his damages nor does it preclude the jury from inquiring into the reasonableness and necessity of his medical expenses. The District Court merely concluded that under the evidence the jury could not reasonably find that Plaintiff was not entitled to "some award * * * for medical expenses."
The nature of injuries as well as the necessity and reasonableness of medical expenses vary in each case. A soft tissue injury to one person might well be more serious than such an injury to another. There is no thumb rule by which the amount of damages may be measured.
The District Court in the case sub judice, after examining the record, held that the verdict rendered was not one which a jury of reasonable men could have returned and concluded that the interest of justice would best be served by a new trial on the issue of damages.
The district courts of appeal were not established as intermediate courts, but courts of final appellate jurisdiction. When the people adopted the amendment to Fla. Const., art. V, establishing the district *220 courts of appeal, they were assured that most litigation in the State would not go beyond the district courts. A narrow scope of jurisdiction of this Court was specified in art. V, Fla. Const.
In Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), we determined that the
"`record proper'  that is, the written record of the proceedings in the court under review except the report of the testimony"
could be examined in order to determine whether the District Court decision conflicted with the principles of law enunciated by another District Court. Also, in Sinclair Refining Co. v. Butler, 190 So.2d 313 (Fla. 1965), we went behind the District Court's opinion in reviewing jury instructions and noted that the trial judge had instructed that funeral expenses could be considered in awarding damages. Since another district court in Doby v. Griffin, 171 So.2d 404 (Fla.App.2d, 1965), had disallowed funeral expenses under "somewhat similar" circumstances, this Court held that it had jurisdiction.
Under the authority of these cases, we may look into the record to determine whether the case sub judice is in conflict with the decision of this Court or another district court, but this does not mean that we may go into the record of any case asserted to be in conflict with the case sub judice. The question is whether the decision of the District Court in the case sub judice is in conflict with any decision of this Court or any other district court as it appears in the written opinion.
There is an exception to this rule where there is an initial judicial review, whether by certiorari or otherwise, of rulings by administrative bodies. In such a situation, this Court has reviewed a district court of appeal decision on certiorari from an administrative body on the ground of conflict with the decision of another district court of appeal even though the latter was rendered without an opinion. See Fidelity Construction Company v. Arthur J. Collins & Son, Inc., 130 So.2d 612 (Fla. 1961).
Unless the finality of the decision of the District Court of Appeal is recognized and upheld, there will arise a practical question of whether the United States Supreme Court is empowered to entertain a review of a decision of Florida District Courts of Appeal. See "The Erosion of Final Jurisdiction in Florida's District Courts of Appeal," by William D. Rives, III, 21 Florida Law Review 375 (Winter 1969).
In the case sub judice the District Court relied upon Griffis v. Hill, supra, our latest expression on this subject, and applied the correct principles of law. There is no conflict with Shaw v. Puelo, supra.
The writ of certiorari having been improvidently issued, the same is hereby discharged.
ERVIN, Acting C.J., CARLTON and BOYD, JJ., and WILLIS, Circuit Judge, concur.