JOHNSON, Judge.
This is the second appearance before our Court of this case which involves an action by appellant for damages occurring because of her false arrest at appellee’s race track. The liability of appellee was established by the jury at the first trial of this cause in which appellant was awarded $50,-000.00 in damages. On appeal by the present appellee, this Court affirmed the judgment below on the issue of the liability of appellee, but found that the verdict of $50,000.00 bore no reasonable relationship to the damages suffered by Mrs. Hutto and was of such magnitude as to shock the conscience of the court. Mrs. Hutto was ordered to either file a remittitur for all amounts of her judgment in excess of $5,000.00 or to stand a new trial on the question of damages only. Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla.App. 1st, 1968), cert. den. 225 So.2d 522 (Fla.1969). Mrs. Hutto, appellant herein, elected the latter alternative, and this appeal results from the jury’s award of damages in the amount of one dollar ($1.00).
*727 Appellant now contends that the jury award of only one dollar was not supported by the evidence and that said judgment must be reversed. We agree with the appellant.
It is well-established in Florida law that a verdict for grossly inadequate damages stands upon the same ground as a verdict for excessive damages, and a new trial may be as readily granted in one case as in the other. Roberts v. Bushore, 182 So.2d 401 (Fla.1966). While an appellate court must be ever alert against the temptation to substitute its judgment for that of the jury, it must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict. Griffis v. Hill, 230 So.2d 143 (Fla.1970). In each case, the question of whether the award of damages is so grossly inadequate as to require the granting of a new trial involves a determination of whether or not reasonable men could reach the verdict rendered. White v. Bacon, 166 So.2d 678 (Fla.App. 1st, 1964); Griffis v. Hill, supra.
During appellant’s retrial, the appellant offered testimony from herself, her husband and a friend. Said testimony was to the effect that, although appellant had a rather involved medical history before the incident which was the basis for this suit, after the incident appellant’s general health deteriorated, she became extremely nervous and upset, she would cry and become emotionally disturbed at the slightest thing, her friends and acquaintances brought up the subject of the arrest frequently and her reputation had suffered as a result of the arrest. Other than appellant’s evidence respecting her general health, her evidence regarding her nervousness, emotional stability and reputation remained virtually undisputed. Appellee offered no evidence to contradict these; factors giving rise to the damages claimed. Appellee’s liability for the false arrest having been previously determined, the jury’s only consideration was that of the amount of damages to be awarded appellant.
In light of the uncontradicted evidence offered by appellant, this Court is convinced that there is no rational basis in the record upon which the verdict rendered in this case can be justified. As stated in Sorg v. Royal, 41 So.2d 317 (Fla.1949):
“The law will not permit the whims and caprice of a jury, when considering factual questions, to prevail over a preponderance of the evidence as shown by the record.”
In awarding the appellant the sum of one dollar, it is apparent that the jury was either confused as to the actual issue submitted to it for decision, or it ignored the legal effect of the evidence submitted by appellant and uncontradicted by appellee. Upon a careful examination of the record, we conclude that the appellant is entitled to a new trial on the issue of damages only.
We have considered the remaining point urged by appellant for reversal, but find it to be without substantial merit.
It is with extreme reluctance that we find it necessary to take this action in view of the fact that the incident complained of occurred more than five years ago and two juries have heard the cause. However, we feel that the interests of justice would best be served by reversing the cause for a new trial on the issue of damages.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.