MANN, Judge.
At the time of the accident, Mary Broome did not appear to have suffered injury. She complained the next day of a pain in the neck and consulted an ortho-paedic physician who treated her for pain for several months, but who did not testify at the trial. She then switched to a chiropractor, who did testify. The defendants had her examined by a second ortho-paedist, whose testimony would support a finding by the jury that she had not suffered injury as a consequence of the accident. The jury returned a verdict for Mr. Broome which compensated him almost exactly for property damage and doctor bills, and a verdict of zero dollars for Mrs. Broome’s pain and suffering. The trial judge granted a new trial “since a jury of reasonable men did not return a verdict consistent with the requirements of the Florida Supreme Court in Griffis v. Hill, Fla.1970, 230 So.2d 143.”
*198 In Griffis v. Hill the Supreme Court held that the record in that particular case showed as a matter of law that the verdict was inadequate, and told us nothing about the record. We think the principle to be derived from Griffis v. Hill is that a verdict in excess of specifically provable items of damages is not necessarily an adequate verdict. There had developed in three cases[1] noted by the Court a tendency to treat a verdict covering out-of-pocket expenses as implying by necessary implication that the jury had considered pain and suffering and accounted for it. But we do not think that the Court intended to say that a verdict for zero damages is necessarily an inadequate verdict, and so held in Boeck v. Diem, Fla.App.1971, 245 So.2d 687.
This case is conceptually identical to Boeck v. Diem except in that the husband was here awarded a recovery for the sums he had expended for his wife’s treatment. In both cases there was no apparent injury. Both plaintiffs left the scene of the accident apparently unharmed. There was evidence from which a jury of reasonble persons could conclude that the plaintiff had in fact endured no compensable pain and suffering.
The question is, then, whether the verdict for the husband shows an inconsistency which would prove the unreasonableness of the jury. We think not. If we were jurors, we would probably have associated pain and suffering with the treatment for which Mr. Broome was compensated. But we are not jurors. And we cannot say that reasonable jurors could not conclude that Mr. Broome was justified in having his wife treated although in the jury's view she had not suffered com-pensable injury in the accident. Such a verdict was in fact upheld by our Supreme Court in Higbee v. Dorigo, Fla.1953, 66 So.2d 684. Contrast Loftin v. Anderson, Fla.1953, 66 So.2d 470, in which the jury awarded damages for pain and suffering but denied the husband recovery for money he had indisputably expended for his wife’s care. That verdict was inconsistent and hence unreasonable, and was accordingly disapproved. The test, then, is whether a jury of reasonable persons could return the verdict. If reason and the record support the verdict, so should the trial judge. We think the trial judge should have entered judgment on this verdict. A failure to do so must be supported by either the record or specific findings that the verdict was improperly influenced.[2]
Reversed and remanded.
LILES, Acting C. J., and DURRANCE, CARL C., Associate Judge, concur.

. City of Miami v. Smith, Fla.1964, 166 So.2d 748; Hayes v. Hatchell, Fla.1964, 166 So.2d 146; Shaw v. Puleo, Fla.1964, 159 So.2d 641.

. See Laskey v. Smith, Fla.1970, 239 So.2d 13; Cloud v. Fallis, Fla.1959, 110 So.2d 669. On the general questions here involved, see also Roberts v. Bushore, Fla. 1966, 182 So.2d 401; Short v. Grossman, Fla.1971, 245 So.2d 217; Annotations, 20 A.L.R.2d 273; 36 A.L.R.2d 1333. The Third District agreed with Higbee v. Dorigo, supra, without citing it, in Fejer v. Whitehall Laboratories, Inc., Fla.App.3d 1966, 182 So.2d 438.