360 So.2d 447 (1978)
John Timothy WORLEY, a Minor by and through His Next Friend, Homer H. Worley, and Homer H. Worley, and Joyce Worley, Individually, Appellants,
v.
Sandra Kaye KIRKLAND and Insurance Company of North America, Appellees.
No. EE-36.
District Court of Appeal of Florida, First District.
June 21, 1978.
Rehearing Denied July 28, 1978.
Jackson G. Beatty of Gregory, Towles, Beatty & Hood, Quincy, for appellants.
John N. Boggs, III, of Barron, Redding, Boggs & Hughes, Panama City, for appellees.
MILLS, Acting Chief Judge.
John Worley, a nine-year-old boy, was injured when struck by a car driven by Ms. Kirkland. Suit was brought by the minor through his father to recover for his personal injuries and pain and suffering. The father individually sought recovery of medical expenses and loss of services, and the mother sought recovery for loss of services. Ms. Kirkland denied negligence and pled comparative negligence on the part of the Worleys. Trial was held before a jury.
The evidence showed that after the accident the child was hospitalized for ten days, was fed intravenously, and coughed up blood. X-rays revealed blood clots on the lungs. John's injuries were diagnosed as blunt pancreas injury, concussion, blood intrusion injury in the lung and traumatic headaches. After discharge from the hospital, John suffered headaches and missed six or seven weeks of school. The medical bills incurred by Mr. Worley totaled $1,990.75. John fed the cows and hogs and mowed the yard for his parents.
The jury returned a verdict in favor of the Worleys and assessed damages sustained by the father at $2,500.00, damages sustained by the child at zero, and damages sustained by the mother at zero. The child and his mother filed a motion for a new trial alleging that the verdicts for them were contrary to the manifest weight of the evidence and grossly inadequate. The motion was denied and this appeal was taken by them.
John and his mother contend that the trial court erred in denying their motion for a new trial. We agree and reverse.
Under the facts of this case, the verdicts of zero dollars were grossly inadequate and were inconsistent with the $2,500.00 verdict for the father. Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968).
In Hutto v. Washington County Kennel Club, Inc., 253 So.2d 726 (Fla. 1st DCA 1971), we said:
"It is well-established in Florida law that a verdict for grossly inadequate damages stands upon the same ground as a verdict *448 for excessive damages, and a new trial may be as readily granted in one case as in the other... . While an appellate court must be ever alert against the temptation to substitute its judgment for that of the jury, it must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict... . In each case, the question of whether the award of damages is so grossly inadequate as to require the granting of a new trial involves a determination of whether or not reasonable men could reach the verdict rendered... ."
Under the circumstances of this case, reasonable men could not have reached the verdicts of zero dollars. Regardless of any possible negligence the jury may have attributed to the child or his mother, having found that Ms. Kirkland was negligent, the jury could not properly or lawfully fail to compensate the child for the serious injuries he received and the mother for the child's services she lost. Even if the jury found the child 99 percent responsible for his injuries and the defendant only one percent negligent, a finding of some monetary award for the child and his mother was inevitable under the comparative negligence law.
Because we do not know if the jury applied comparative negligence to this case and, if it did, how it prorated the negligence between the parties, it is necessary that we remand this case for new trial on all issues.
We reverse the judgments appealed and remand this case for a new trial on all issues as to the child and mother.
SMITH and ERVIN, JJ., concur.