384 So.2d 1289 (1980)
Bessie ANDERSON, Appellant,
v.
John S. CHIROGIANIS et al., Appellees.
No. 79-916/T4-516.
District Court of Appeal of Florida, Fifth District.
May 21, 1980.
Rehearing Denied June 26, 1980.
Ned N. Julian, Sanford, for appellant.
Sutton G. Hilyard, Jr., and Karen L. Goldsmith of Pitts, Eubanks & Ross, P.A., Orlando, for appellees.
COBB, Judge.
On August 1, 1978, the plaintiff, while fishing beside a road, was struck in the leg by a piece of sheet metal which fell from defendants' passing truck. She was taken to a hospital emergency room, where physicians determined that no sutures were required. Butterfly bandages were applied and the injury covered with sterile gauze. The day after the accident, an investigator employed by plaintiff's attorney removed the bandages in order to photograph and measure the laceration.
According to trial testimony of the treating physician, some infection of the injury was apparent on the following day, August 3. Subsequently, an abscess developed requiring surgery and thirty-seven days of hospitalization, resulting in a substantial area of scar tissue. The treating physician attributed all of this to the initial injury. He also testified to plaintiff's complaints of soreness in the injury area while working in the fields in September, 1978, although he anticipated ultimate resolution of this problem. He gave plaintiff a five per cent disability rating.
On the other hand, an examining physician attributed some of her pain complaints to arthritis in the right hip, and said that the laceration would not impede plaintiff's mobility or working capacity. He also testified that, because of the danger of contamination and infection, lay people should not remove dressings. There was testimony from another physician that plaintiff previously had suffered from pain in the right thigh in 1974 caused either by muscle strain or arthritis of the hip.
The medical expenses introduced into evidence by the plaintiff aggregated $6,939.05. The trial court's instructions were standard ones and are not challenged on this appeal. The plaintiff's counsel, in closing argument, *1290 used the figure of $7,000 as representing her total medical expenses. The jury returned a verdict for $7,000.
The issue on appeal is whether or not plaintiff is entitled to a new trial because of inadequate damages.
Given the amount of damages returned which closely approximates the total medical expenses, the only reasonable inference is that the jury found the original laceration to be the cause of the later infection. In other words, the jury must have rejected the defendant's theory that the infection and resulting medical expenses were caused by the plaintiff's supervening act of removing the bandages for an investigator to photograph and measure the laceration. Otherwise, an award of medical expenses up to the date the photographs were taken would have been far less.
Defendants did not object at trial to the reasonableness or necessity of the medical expenses, but argued only the causal relationship to the incident of August 1. Therefore, the issue narrows to a question of whether $60.95 is adequate compensation for the plaintiff's pain and suffering, which included thirty-seven days of hospitalization.
According to Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969),[1] the test to be applied in determining the adequacy of the verdict is whether a jury of reasonable men could have returned that verdict. In other words
it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, 378 (1941).
Here, the trial court instructed the jury that should they find for the plaintiff on the question of liability, then they should award damages to adequately compensate for her losses. The jury was specifically instructed to consider as elements of damage: bodily injury; pain and suffering, past and future; reasonable medical expenses, past and future; and loss of earnings and ability to earn, past and future.
We have reviewed the record and find the verdict to be grossly inadequate. In addition to medical expenses, there was considerable evidence of additional damages, such as pain and suffering, for which the plaintiff was entitled to recover if properly considered by the jury. See Short v. Grossman, 245 So.2d 217 (Fla. 1971).
Accordingly, the judgment of liability in favor of the plaintiff is affirmed; the order denying plaintiff's motion for new trial on the grounds of inadequate damages is reversed; and the cause remanded with directions to grant the plaintiff a new trial on the issue of damages.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] In the Griffis case, after reviewing the record, the court found a jury verdict of $1,785 was clearly and grossly inadequate where actual medical expenses were approximately $797.90.