384 So.2d 973 (1980)
Eugene Wes Rook and WESTBROOK Motors, Incorporated, Appellants,
v.
ALL POINTS, INCORPORATED and Integrity Insurance Company, Etc., Appellees.
No. 79-1474.
District Court of Appeal of Florida, Third District.
June 24, 1980.
*974 H.C. Starkweather, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellees.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, Eugene Westbrook, sought damages below for injuries sustained in a vehicular collision with the appellee, All Points, Inc. After weighing the evidence, which included appellant's testimony, testimony of appellant's and the court's medical experts and defendant's surveillance film footage (which tended to dispute the medical experts' testimony), the jury returned a verdict in favor of appellant, limiting his damage award, however, to the amount of his medical expenditures. We review the final order of the trial court, in which appellant's motion for new trial was denied.
The scope of our inquiry is delimited by the scope of the trial court's authority with regard to motions for new trial. The narrow issue before us is whether the trial judge abused his discretion in denying appellant's motion. Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 627 (Fla. 1977).
When a motion for a new trial is made, it is directed to the sound, broad discretion of the trial judge [citations omitted], who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached... .
Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959) (citation omitted).
The criteria by which a trial court properly assesses the need for a new trial have been the cause of not a little judicial confusion in the past. It was with concern for the divergent standards employed in the several state appellate districts that the Florida Supreme Court definitively addressed the issue in Cloud, supra, 110 So.2d at 673:
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record ...
(citation omitted). The court has had recent occasion to reaffirm its adherence to the test stated in Cloud. See Cassat Avenue Mobile Homes, Inc. v. Bobenhausen, 363 So.2d 1065 (Fla. 1978); Wackenhut Corp. v. Canty, 359 So.2d (Fla. 1978).
[We note that a parallel test was enunciated in Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969): "The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict." That language appears to represent a rewording of, rather than a deviation from, the standard set forth in Cloud; the two formulations have been used conjunctively. See, e.g., White v. Martinez, 359 So.2d 7, 10 (Fla. 3d DCA 1978); Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied 359 So.2d 1211 (Fla. 1978).]
The appellant contends that the jury's zero verdict for pain and suffering, mental anguish, disability and loss of earnings is unsupportable under Florida law. We disagree.[1]
*975 The Florida rule has been concisely stated by the United States Court of Appeals for the Fifth Circuit: "It would ... appear that a zero verdict in Florida may be sustained only where there is conflicting evidence as to whether the plaintiff was in fact injured... ." Parker v. Wideman, 380 F.2d 433, 437 (5th Cir.1967). In that case, testimony regarding the plaintiff's injuries was uncontroverted and unimpeached. Similarly, in Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968), this court found that a new trial was warranted by the jury's failure to award damages for pain and suffering, where it had awarded medical expenses. The decision to reverse was grounded on the undisputed facts that the plaintiff had suffered a severe injury, and that the treatment was painful. In Grossman v. Short, 235 So.2d 11 (Fla. 3d DCA 1970), cert. discharged 245 So.2d 217 (Fla. 1971), we reversed for new trial a final judgment recompensing neither medical expenses nor the plaintiff's pain and suffering, where liability was admitted and medical expenses were proved.
Unless the jury could reasonably conclude there was no need for the plaintiff to be examined by a doctor, the verdict at least should have included some award to the plaintiff for medical expenses... . Also, there was evidence from the doctors, as well as from the plaintiff, that the latter suffered certain personal injuries as a result of the collision, for which the plaintiff (by virtue of the defendant's admission of liability) was entitled to recover unless the jury should disbelieve entirely that any bodily injury, pain and suffering or physical discomfort resulted to the plaintiff from the incident.

Grossman, supra, 235 So.2d at 12-13 (emphasis supplied).
Apparently, the appellant's jury chose the last alternative. Our authority to reverse, were we so disposed, is constrained by the power of the jury to consider the totality of the evidence submitted and render a verdict not inconsistent with the manifest weight thereof, and by the discretion of the trial judge, who must satisfy himself that the jury's verdict conforms to that standard, and that the evidence was the sole basis of their decision.
Our study of the record and the caselaw compels the conclusion that we are without authority to overturn the findings of this jury, and the decision of this trial court. Nothing in the record forbids the jury's finding liability on the part of appellee, finding that appellant reasonably sought medical advice, finding that the expense thereby incurred was reasonable, but finding that appellant had not incurred a preponderantly demonstrable injury. The jury simply did not believe appellant's protestations of incapacitating back pain. Their decision in that regard was undoubtedly influenced by appellee's rebuttal evidence, to wit: Eight reels of movie film starring appellant as he stooped, bent, lifted, and climbed a twelve-foot chain-link fence.
We note finally that medical experts  both the appellant's and the court's  uniformly agreed that appellant had suffered a back injury, and that pain is a concomitant of the injury diagnosed. However, the difficulty of accurate diagnosis in such cases of purported back injury is common knowledge, and the jury may quite properly have taken that factor into consideration, along with the the fact of appellant's refusal to undergo certain medical tests which might have been dispositive. In an instance where lay testimony (the film) and lay knowledge (difficulty of diagnosis) bring into question the accuracy of expert testimony, a jury may properly refuse to give credence to the medical expert testimony. Shaw v. Puleo, 159 So.2d 641, 643-44 (Fla. 1964).
We have considered the other issues raised by appellant, and have found them to be similarly without merit. Therefore, we affirm.
Affirmed.
NOTES
[1] The record discloses that appellant has neither lost his job nor suffered a reduction in pay since the date of the collision. Hereinafter, we consider the jury's (and the trial court's) assessment of appellant's less demonstrable claims.