W. SHARP, Judge.
The Nordins appeal from an order which grants the Gregorys a new trial on the issue of damages after a jury trial. The Gregorys sued on behalf of their minor son, James, for injuries he sustained after being bitten in and around the face by the Nordins’ shepherd dog. The jury found that the Nordins' dog, Sparky, was the culprit, and awarded James $10,030 in damages. Medical bills for James totaled $830. In his order granting the Gregorys a new trial on the issue of damages, the trial judge found that the jury “failed to consider each and every element of damage as outlined in the itemized verdict form.” The court also found the verdict to be contrary to the evidence, the law and the court’s charge. We disagree and reverse.
The verdict form, submitted by the Greg-orys, contained a total of eleven questions with blank spaces in which the jury could insert the amount of damages. All of the blanks were filled in by the jury. Where no damages were awarded, the jury inserted a zero. Some of the questions on the verdict form contained overlapping elements which could reasonably have been believed to encompass one another. For example, there were separate categories for “mental anguish,” “pain and suffering,” “bodily injury,” “disfigurement,” and “loss of capacity for enjoyment of life.” The jury awarded $1,700.00 damages for pain and suffering, but zero for mental anguish, and it awarded $1,500.00 for disfigurement, past and future, and $2,060.00 for bodily injury (past), and zero for loss of capacity for enjoyment of life. The record shows the child suffered a nasty bite, but no permanent disfigurement other than minor scars.
In reviewing the granting of a motion for a new trial based on the amount of damages awarded, an appellate court must test the adequacy of the verdict based on whether it can be said that the jurors, as reasonable men, could not have reached that particular verdict. Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA), rev. denied, 529 So.2d 694 (Fla.1988). If reasonable men could differ as to whether the verdict was against the manifest weight of the evidence, the trial court may not properly grant the motion for a new trial. Fitzgerald; Griffis v. Hill, 230 So.2d 143 (Fla.1969). A jury verdict should not be disturbed unless it shocks the judicial conscience of the court. Griffis at 144.
Absent clear evidence to the contrary, it must be presumed that the jury correctly followed the court’s instructions, applied the law and considered all the elements of damage. Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985); Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376 (1941). Special circumstances, such as prejudice or passion, misconception of the law or evidence, must be shown before such presumptions are overridden. Radi *62 ant. In this case, there is no indication the jury failed to follow the court’s instructions, or that it failed to consider all of the elements of damage. Nor can we find any special circumstances which would justify overriding these presumptions.
In this case, the jury awarded a total of $10,030 in damages, for a relatively minor injury where the total medical expenses did not exceed $830. The award also included $3,000 for future medical treatment to remove any scarring. We cannot say this award so is prejudicial or erroneous that reasonable jurors could not have reached this verdict. Zero awards for pain and suffering have been upheld, even where a plaintiff received full compensation for medical expenses. City of Miami v. Smith, 165 So.2d 748 (Fla.1964); DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989). But here, the jury did award damages for past and future pain and suffering, and past and future disfigurement. We thus reverse the award of new trial and direct that the jury verdict be reinstated in this cause.
REVERSED; REMANDED.
GOSHORN and PETERSON, JJ., concur.