PER CURIAM.
A verdict of zero damages for pain and suffering is sustainable in this case, where the injury is not objectively verifiable and a jury of reasonable persons would be justified in concluding that Mrs. Lock-hart was not injured.[1] The jury’s verdict in favor of Mrs. Lockhart for $402 bore a note reading:
“$235.00 auto dam.
50.00 Dr. Trupp
35.00 Dr. Keller
52.00 Dr. Aliearn
X-Rays 30.00
These items were all recoverable by Mr. Lockhart, who owned the car individually.
An obvious transposition of verdicts can be, and should be, corrected by the trial judge on motion without granting a new trial.[2]
However, this case presents a different problem which we think requires either a new trial or a record substantiating the claim that the jury was not improperly influenced. On the last morning of the trial one juror, in his car on his way to the court house, was struck from behind in much the same type of accident as that which gave rise to this action. He suffered no injury. He told his fellow jurors about the experience. The trial judge’s inquiry into the effect of this incident was limited to questions directed at the individual juror, who stated that the occurrence did not influence the verdict. The unanswered question is whether other jurors were influenced improperly. If the absence of influence can be shown the verdict should be allowed to stand; if not, a new trial should be awarded. This decision is predicated upon the great similarity between the accidents and the disallowance of damages to Mrs. Lockhart. This coincidence suggests the need for a more extensive inquiry than was conducted.
Reversed and remanded for further proceedings consistent herewith.
LILES, Acting C. J., and HOBSON and MANN, JJ., concur.

. Boeck v. Diem, Fla.App.2d 1971, 245 So.2d 687; Tejon v. Broome, Fla.App.2d 1972, 261 So.2d 197.

. Cory v. Greyhound Lines, Inc., Fla.1971, 257 So.2d 36.