GRIMES, Judge.
This case was originally tried before a jury which returned a verdict of zero damages for pain and suffering. On appeal, this court held that the verdict could be sustained because the injury was not objectively verifiable.[1] However, the case was remanded for another reason.
On the last morning of the trial, one of the jurors, on his way to the courthouse, was involved in a rear-end collision of much the same kind as that which gave rise to this. suit. He told his fellow jurors of his experience. The trial judge’s investigation into the incident was limited to an inquiry of the juror involved in the accident. This court concluded that there remained the question of whether the other jurors were improperly influenced. The case was remanded with directions to conduct a more extensive inquiry. The court said:
“ . . .If the absence of influence can be shown the verdict should be allowed to stand; if not, a new trial should be awarded. . . . ”
Upon remand, a hearing was held at which each of the remaining jurors was separately interrogated. The judge concluded that none of the jurors had been influenced by any statements of their fellow juror with respect to his accident and entered an order pursuant to mandate in which he denied a new trial.
The procedure followed below complies with our mandate, and the order under review is amply supported by the record. Each of the jurors testified with certainty that his verdict was in no way influenced by any comments of the juror concerning his auto accident. The judge properly prohibited plaintiff’s counsel from attempting to inquire into all of the matters that were considered by the jurors in their deliberations.
The order is affirmed.
MANN, C. J., and BOARDMAN, J., concur.

. Lockhart v. Prudot, Fla.App. 2nd 1972, 271 So.2d 157.