PER CURIAM.
The plaintiff appeals from a final judgment on a jury verdict which awarded zero damages. The defendant-appellee concedes that, under the circumstances of this case, the judgment would be error except for the fact that the erroneous verdict was occasioned by error which the plaintiff-appellant himself caused.[1]
Briefly stated, the facts are as follows: The plaintiff was injured by a guard dog while working on a job that was being guarded by the dog. The control of the dog was that of the defendants. The trial judge entered a verdict for the plaintiff on the issue of liability. The cause was submitted to the jury on damages only. While certain damages were controverted, the existence of a broken arm and medical expenses therefor were not controverted in the evidence. There was evidence introduced by the plaintiff that he had received workmen’s compensation benefits. The trial court instructed the jury that the amount of the workmen’s compensation paid should not be taken into consideration in the amount of their verdict. The single verdict submitted was for the plaintiff with the amount of damages left blank. The jury returned a verdict of zero damages. A motion for new trial on the basis of an inadequate verdict was denied.
We reverse upon authority of the law as set forth in Worley v. Kirkland, 360 So.2d 447 (Fla.1st DCA 1978). See also Pickel v. Rosen, 214 So.2d 730 (Fla.3d DCA 1968).
Appellees’ argument that the error was invited is not applicable in view of the fact that the only reasonable explanation of the jury’s action is its disregard of the collateral sources instruction relative to the workmen’s compensation benefits paid.
Having found that the trial court should have granted a new trial on the basis of appellant’s first point, we do not consider further argument in the cause.
Reversed and remanded with directions to grant a new trial on the issue of damages only.

. Appellees restate appellant’s first point on appeal, as follows:
“A jury properly awarded zero damages after there had been a directed verdict on liability and where error, if any, was invited by the plaintiff.”